UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                               CASE NO.

**EMILY MARIE BUGEAUD**                               **18-10664**
                                                                                          SECTION A
DEBTOR(S)                                                                            CHAPTER 13

## **REASONS FOR DECISION**

The Objection to Proof of Claim 4 of Allan Falk filed by Emily Marie Bugeaud ("Debtor") and the Motion to Dismiss Case filed by Allan Falk ("Mr. Falk") came before the Court on August 2, 2018. The Court requested supplemental briefs on the issue of interest and took the matter under advisement.

**I. Facts**

In July 7, 2015, Debtor retained Mr. Falk as counsel in Michigan in connection with divorce proceedings and a suit by against Debtor by her former mother- and sister-in-law. The Retainer Agreement provides for payment at the rate of $450 per hour for office work and travel time and $600 per hour for time in court.[1] Debtor paid Mr. Falk an initial retainer of $10,000.00. The Retainer Agreement is silent as to interest.

On February 24, 2017, Mr. Falk emailed Debtor reducing his hourly rate of $450.00 to $400.00 per hour retroactive to February 1, 2017.[2] Debtor replied accepting the reduction.[3] From

---

[1] Exh. 8A.

[2] The agreement reserved the right of counsel to request the original rate if the fee was to be paid by a third party.

[3] Exh. 9.

February through September 2017, Mr. Falk spend 237.6 hours on Debtor's case.[4] He incurred expenses of $4,679.48. Mr. Falk did not appear in court on Debtor's behalf as another attorney handled court appearances. Debtor made a payment of $9,683.05 in February 2017.[5]

On March 21, 2018, Emily Marie Bugeaud ("Debtor') filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. On her originally filed Schedules, Debtor's total unsecured nonpriority debt is listed as $351,559.83, and her unsecured priority debt is $42,028.00.[6]

Debtor disclosed the existence of student loan debt to her counsel who listed her student loans on her Schedules of Assets and Liabilities ("Schedules"). However, due to a computer error, her student loans did not appear on the filed version of her Schedules.

The U.S. Department of Education/MOHELA filed a proof of claim in the total unsecured amount of $231, 591.89. With the addition of her student loan debt, Debtor's total unsecured debt is $625,179.72.

On April 4, 2018, Mr. Falk filed Proof of Claim 4-1 in the total secured amount of $107,053.61, including 10% interest. Mr. Falk alleged that he perfected a security interest by filing a UCC-1 statement.

Debtor filed an Objection and Amended Objection to Claim 4-1.[7]

---

[4] Exh. 8B.

[5] *Id.*

[6] P-1.

[7] P-17, 20.

On May 7, 2018, Mr. Falk filed Amended Proof of Claim 4-2, changing the status of the claim to unsecured. Mr. Falk again amended his claim by filing Amended Proof of Claim 4-3 on August 1, 2018, in the total unsecured amount of $107,507.16, including interest at the rate of 7%.

Mr. Falk filed a Motion to Dismiss Debtor's case.[8]

On August 2, 2018, the Court held an evidentiary hearing on Debtor's Objection to Falk's Claim and Falk's Motion to Dismiss Case. The Court requested that the parties file supplemental briefs on the issue of interest no later than August 21, 2018. In lieu of filing briefs, Debtor and Falk filed a Joint Stipulation that Debtor owes no non-judicial interest to Falk.[9]

**II. Law and Analysis**

   **A. Debtor's Objection Falk's Claim**

Mr. Falk contends that Debtor owes him for legal services from February through September 2017. Debtor objected to Mr. Falk's secured status and claim of interest. Debtor also maintains that the applicable hourly rate is $400.00.

Mr. Falk amended his claim to unsecured, and the parties stipulated that Debtor owes no non-judicial interest on his claim. Therefore, the issue raised by Mr. Falk as to statutory interest has been conceded.

The total amount stated in Mr. Falk's proof of claim, $107,507.16, is based on a rate of $450.00 per hour. Mr. Falk contends that his email reducing his rate to $400.00 per hour is not applicable because Debtor defaulted. However, the email does not contain a provision that the rate will revert to $450.00 upon default.

---

[8] P-41.

[9] P-59.

> In Michigan, the requirements of a valid contract are (1) the parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation.[10]

There is no strict form for contracts under Michigan law: contracts can be oral or written, express or implied.[11]

The Retainer Agreement was a valid contract under Michigan law, and the email reducing the hourly rate to $400.00 was also a valid contract.[12]

Mr. Falk voluntarily reduced his rate to $400.00 per hour, and the Court finds that $400.00 is the applicable hourly rate. Based on a rate of $400.00 per hour without interest, the Court finds that Mr. Falk has an allowed unsecured claim of $90,036.43.[13]

**B. Motion to Dismiss**

Section 109(e) of the Bankruptcy Code provides that in order for an individual to be a debtor under Chapter 13, she must

1) have regular income; and

2) owe on the petition date noncontingent, liquidated

    a. unsecured debts of less than $394,725; and

    b. secured debts of less than $1,184,200.

---

[10] 8 M.L.P. 2d CONTRACTS § 2 (citations omitted).

[11] *Id.*

[12] A email exchange can constitute a contract. *See Sault. Ste. Marie Tribe of Chippewa Indians v. Hamilton*, 2010 U.S. Dist. Lexis 3992, 75 Fed. R. Serv. 3d (W.D.Michigan 2010).

[13] 237.6 x 400 = 95,040 + 4,679.48 = 99,719.48 - 9683.05 = 90,036.43

Debtor's total unsecured debt is $625,179.72. Therefore, the Court finds Debtor ineligible to be a debtor under Chapter 13 pursuant to 11 U.S.C. § 109(e).

The Court gave Debtor the option of conversion to Chapter 11 or dismissal. Upon request of Debtor, the Court will dismiss the case.

### III. Conclusion

For the reasons assigned above, the Court will sustain in part and deny in part Debtor's Objection to Claim 4 of Mr. Falk. The Court finds that Mr. Falk has an allowed unsecured claim of $90,036.43, plus legal interest at the federal rate until paid in full.

The Court finds that Debtor is ineligible to be a debtor under Chapter 13 of the Bankruptcy Code and will dismiss the case.

Separate orders will be entered in accord with the above Reasons.

New Orleans, Louisiana, August 27, 2018.

                                              Hon. Elizabeth W. Magner
                                              U.S. Bankruptcy Judge